IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN,
DETROIT DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No.: |
| TRE SERVICES, INC.; and SEVERSTAL DEARBORN, INC. f/k/a SEVERSTAL NORTH AMERICA, INC., | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), as Plaintiff, by and through its attorneys, Steven O. Ashton of Draugelis & Ashton, LLP, and Michael J. Duffy and Jason M. Craft of Tressler LLP, and for its Complaint for Declaratory Judgment against Defendants TRE SERVICES, INC. ("TRE Services") and SEVERSTAL DEARBORN, INC. f/k/a SEVERSTAL NORTH AMAERICA, INC. ("Severstal") states as follows:

### STATEMENT OF CASE

1.   This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties, construing the rights and legal obligations arising under a contract of insurance issued by Hartford to TRE Services. This action seeks a declaration that Hartford owes no insurance coverage obligations to the TRE Services in connection with an incident which is the subject of a Third Party Complaint by Severstal against TRE Services pending in the Circuit Court for the County of Wayne, Michigan, styled as George Burke v. Severstal Dearborn, Inc.,

f/k/a Severstal North America, Inc., Case No. 09-016511ONO (hereinafter the "Burke suit"). A copy of the Severstal's Third Party Complaint against TRE Services is attached hereto as Exhibit A.

## PARTIES

2. Hartford is an insurance company formed under the laws of the State of Connecticut, is principally located in Connecticut.

3. TRE Services is a Pennsylvania corporation engaged in the business of providing engineering services with its principal place of business in Pennsylvania.

4. Severstal is a Delaware corporation with its principal place of business in Michigan. Severstal is joined herein as an interested party to be bound by the judgment rendered by this Court.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, TRE Services and Severstal, who do business within this District and because this case involves a coverage under a liability insurance policy for a case pending within this District.

## THE HARTFORD INSURANCE POLICY

7. Hartford issued to TRE Services a business insurance policy bearing policy No. 44 SBA TH4607, which is effective from September 1, 2007 to September 1, 2008 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

2

8. The Policy contains primary and umbrella general liability coverage and states, in part, as follows:

**A.    COVERAGES**

**1.    BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

**Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

b. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*      \*      \*

b. This insurance applies:

(1) To "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period;

\*      \*      \*

(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the

3

"coverage territory" during the policy period.

\* \* \*

**B.** **EXCLUSIONS**

**1.** **Applicable To Business Liability Coverage**

This insurance does not apply to:

\* \* \*

**b.** **Contractual Liability**

**(1)** "Bodily injury" or "property damage"; or

**(2)** "personal and advertising injury"

for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

This exclusion does not apply to liability for damages because of:

\* \* \*

**(b)** "Bodily injury" or "property damage" assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purpose of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage" provided:

4

      **(i)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

      **(ii)**    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*   \*   \*

**j.**    **Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:

\*   \*   \*

**(2)**    Preparing, approving, or failing to prepare or approve maps, shops drawing, opinions, reports, surveys, failed orders, change orders, designs or drawings and specifications;

**(3)**    Supervisory, inspection, architectural or engineering activities;

\*   \*   \*

**G.**    **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\*   \*   \*

**5.**    "Bodily injury" means physical:

5

  a. Injury;

  b. Sickness; or

  c. Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

   \* \* \*

12. "Insured contract" means:

   \* \* \*

  f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   \* \* \*

  However, Paragraph f. does not include that part of any contract or agreement:

   \* \* \*

  **(1)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    **(a)** Preparing, approving, or failing to prepare or approve maps, shops drawing, opinions, reports, surveys, failed orders, change orders, designs or drawings and specifications; or

6

    **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

  **(2)** Under which that insured, if any architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (1) above and supervisory, inspection, architectural or engineering services.

          \*    \*    \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

  **a.** False arrest, detention or imprisonment;

  **b.** Malicious prosecution;

  **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; or

  **d.** Oral, written, or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  **e.** Oral, written, or electronic publication of material that violates a person's right of privacy;

  **f.** Copying, in your "advertisement", a person's or organization's "advertising ideas" or style of "advertisement";

7

    g.    Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement";

    h.    Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\* \* \*

**20.**    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

Exclusion – Engineers, Architects or Surveyors Professional Liability form SS 05 06 04 05

This endorsement modifies insurance provided under the following:

BUSINESS LIABILITY COVERAGE FORM

1.    The following exclusion is added to Paragraph 1. Applicable to Business Liability Coverage (SECTION B. – EXCLUSIONS):

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:

    a.    Any insured; or

    b.    Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.

8

2. Professional services include:

   a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, filed orders, change orders, designs or drawings and specifications; and

   b. Supervisory, inspection, architectural or engineering activities.

\* \* \*

## SECTION I—COVERAGES

## INSURING AGREEMENTS

**A. Umbrella Liability Insurance**

1. We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV—LIMITS OF INSURANCE**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II—INVESTIGATION, DEFENSE, SETTLEMENT**.

2. This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

   a. The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period"; and

\* \* \*

### SECTION II-INVESTIGATION, DEFENSE, SETTLEMENT

A. With respect to "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies (whether or not the "self-insured retention" applies) and

    1. For which no coverage is provided under any "underlying insurance"; or

    2. For which the underlying limits of any "underlying insurance" policy have been exhausted solely by payments of "damages" because of "occurrences" during the "policy period";

*   *   *

### SECTION VII—DEFINITIONS

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

*   *   *

F. **"Occurrence"** means

    1. With respect to "bodily injury" or "property damage", an "accident", including continuous or repeated exposure to substantially the same general harmful conditions; and

    2. With respect to "personal and advertising injury", an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

G. **"Policy period"** means the period beginning with the inception date stated as such in the Declarations and ending with the earlier of:

    1. The date of cancellation of this policy; or

    2. The expiration date stated as such in the Declarations.

H. **"Self-insured retention"** means the amount stated as such in the Declarations which is retained and payable by the "insured" with respect to each "occurrence."

I. **"Underlying insurance"** means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits stated in the Schedule of underlying Insurance Policies. The limit of "underlying insurance" includes:

1. Any deductible amount;

2. Any participation of any "insured"; and

3. Any "self-insured retention" above or beneath any such policy;

Less the amount, if any, by which the aggregate limit of such insurance has been reduced by any payment relating to any act, error, omission, injury, damage or offense for which insurance is provided by this policy, including Medical Payments Coverage as described in the "underlying insurance". The coverages and limits of such policies and any such deductible amount, participation or "self-insured retention" shall be deemed to be applicable regardless of:

1. Any defense which any underlying insurer may assert because of the "insured's" failure to comply with any condition of its policy; or

2. The actual or alleged insolvency or financial impairment of any underlying insurer or any "insured".

The risk of insolvency or financial impairment of any underlying insurer or any "insured" is borne by you and not by us.

*    *    *

This endorsement modifies insurance provided under the following:

11

UMBRELLA LIABILITY PROVISIONS

\* \* \*

3. The following exclusion is added to B., Exclusions (SECTION I – COVERAGES):

   This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:

   a. Any insured; or

   b. Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.

4. Professional services include:

   a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, filed orders, change orders, designs or drawings and specifications; and

   b. Supervisory, inspection, architectural or engineering activities.

\* \* \*

This endorsement modifies insurance provided under the

SPECTRUM UMBRELLA LIABILITY SUPPLEMENTAL CONTRACT

SCHEDULE

Description of Professional Services:

1. Engineer

   This policy does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the rendering of or failure to render any professional services described in the Schedule of this endorsement.

\* \* \*

(See, Exhibit B)

12

9. TRE Services has demanded that Hartford defend and indemnify it with respect to its liability in the Burke suit.

10. Hartford has denied that it owes TRE Services any defense or indemnity obligations with respect to the claims and incident at issue in the Burke suit, but has agreed to share in the costs of TRE Services's defense with TRE Services's professional liability insurer on an interim basis under a reservation of rights.

11. An actual and justiciable controversy exists between TRE Services and Hartford as to the availability of insurance coverage with respect to the Burke suit and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I -- NO "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE" IS ALLEGED

12. Hartford incorporates the allegations set forth within Paragraphs 1 through 11 as if fully set forth herein as Paragraph 12.

13. The Complaint filed in the Burke suit does not concern a claim for damages because of "property damage" caused by an "occurrence" as those terms are defined in the Hartford Policy.

14. Hartford thus does not owe TRE Services any defense or indemnity obligations for the Burke suit.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against TRE Services and Severstal declaring that Hartford does not owe any duty to defend or indemnify TRE Services in the Burke suit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

## COUNT II -- NO "PERSONAL AND ADVERTISING INJURY" IS ALLEGED

15. Hartford incorporates the allegations set forth within Paragraphs 1 through 11 as if fully set forth herein as Paragraph 15.

16. The Burke suit does not allege a claim for damages because of "personal and advertising injury" as those terms are defined in the Hartford Policy.

17. Hartford thus does not owe TRE Services any defense or indemnity obligations for the Burke suit.

WHEREFORE, Hartford prays that this Honorable Court will enter judgment in its favor and against TRE Services and Severstal, declaring that Hartford does not owe any duty to defend or indemnify TRE Services in the Burke suit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

## COUNT III – PROFESSIONAL LIABILITY EXCLUSIONS APPLY

18. Hartford incorporates the allegations set forth within Paragraphs 1 through 11 as if fully set forth herein as Paragraph 18.

19. TRE Services's was retained by Severstal as an engineer to design repairs and renovations to Blast Furnace "B" at Severstal's facility in Dearborn, Michigan. See, Exhibit A and Group Exhibit C.

20. The Policy excludes coverage for claims for damages which arise out of TRE Services's rendering or failure to render professional services.

21. TRE Services's liability in the Burke suit arises from TRE Services's rendering or failure to render professional services.

22. The Hartford Policy therefore excludes coverage for the Burke suit.

23. Accordingly, pursuant to the Hartford Policy, Hartford owes no defense or indemnity obligation to TRE Services with respect to the Burke suit.

WHEREFORE, Hartford prays that this Honorable Court will enter judgment in its favor and against TRE Services and Severstal, declaring that Hartford does not owe any duty to defend or indemnify TRE Services in the Burke suit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

## COUNT IV – CONTRACTUAL LIABILITY EXCLUSION APPLIES

24. Hartford incorporates the allegations set forth within Paragraphs 1 through 23 as if fully set forth herein as Paragraph 24.

25. The Policy excludes coverage for contractual liability.

26. Severstal's claims in the Burke suit seek indemnity from TRE Services pursuant to certain contractual promises.

27. The Hartford Policy therefore excludes coverage for the Burke suit.

28. Accordingly, pursuant to the Hartford Policy, Hartford owes no defense or indemnity obligation to TRE Services with respect to the Burke suit.

WHEREFORE, Hartford prays that this Honorable Court will enter judgment in its favor and against TRE Services and Severstal, declaring that Hartford does not owe any duty to defend or indemnify TRE Services in the Burke suit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

Respectfully submitted,

By: _____/s/ Jason M. Craft_____
One of the Attorneys for
Hartford Casualty Insurance Company

15

Steven O. Ashton
Draugelis & Ashton, LLP.
380 North Main Street
Clawson, MI 48017-1525.
(248) 588-7704.

Michael J. Duffy
Jason M. Craft
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
(312) 627-1717 fax