IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN,
DETROIT DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Honorable Marianne O. Battani ) Magistrate Judge Michael Hluchaniuk ) |
| TRE SERVICES, INC.; and SEVERSTAL DEARBORN, INC. f/k/a SEVERSTAL NORTH AMERICA, INC., CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO COVER NOTES UM65015, UM65013, UM64622, UM64621, UM64620, and GEP1978, GLACIER INSURANCE AG, STARR TECHNICAL RISKS AGENCY, INC., AXIS INSURANCE COMPANY, AXIS SPECIALTY EUROPE LTD., MAIDEN RE a/k/a GMAC INSURANCE HOLDINGS/INTEGON SPECIALTY INSURANCE CO., ARCH SPECIALTY INSURANCE COMPANY, TOKIO MARINE AND NICHIDO FIRE INSURANCE COMPANY LIMITED, LEXINGTON INSURANCE COMPANY, ACE AMERICAN INSURANCE CO., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., CNA WORLDWIDE CLAIMS, CNA/CONTINENTAL CASUALTY CO., and SWISS RE INTERNATIONAL BUSINESS INSURANCE CO. n/k/a SWISS RE INTERNATIONAL SE, | ) Case No.: 09-cv-14634 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), as Plaintiff, by and through its attorneys, Steven O. Ashton of Draugelis & Ashton, LLP, and Michael J. Duffy

and Jason M. Craft of Tressler LLP, and for its Amended Complaint for Declaratory Judgment against Defendants TRE SERVICES, INC. ("TRE Services") and SEVERSTAL DEARBORN, INC. f/k/a SEVERSTAL NORTH AMAERICA, INC. ("Severstal"), CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO COVER NOTES UM65015, UM65013, UM64622, UM64621, UM64620, and GEP1978 ("Lloyds"), GLACIER INSURANCE AG ("Glacier Insurance"), STARR TECHNICAL RISKS AGENCY, INC. ("Starr"), AXIS INSURANCE COMPANY ("Axis Insurance"), AXIS SPECIALTY EUROPE LTD. ("Axis Specialty"), MAIDEN RE a/k/a GMAC INSURANCE HOLDINGS/INTEGON SPECIALTY INSURANCE CO. ("Maiden Re"), ARCH SPECIALTY INSURANCE COMPANY ("Arch Specialty"), TOKIO MARINE AND NICHIDO FIRE INSURANCE COMPANY LIMITED ("Tokio Marine"), LEXINGTON INSURANCE COMPANY ("Lexington Insurance"), ACE AMERICAN INSURANCE CO. ("Ace American"), NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), CNA WORLDWIDE CLAIMS ("CNA Worldwide"), CNA/CONTINENTAL CASUALTY CO. ("Continental Causality"), and SWISS RE INTERNATIONAL BUSINESS INSURANCE CO. n/k/a SWISS RE INTERNATIONAL SE ("Swiss Re"), states as follows:

**STATEMENT OF THE CASE**

1.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties, construing the rights and legal obligations arising under a contract of insurance issued by Hartford to TRE Services.  This action seeks a declaration that Hartford owes no insurance coverage obligations to TRE Services in connection with an incident which is the subject of two lawsuits pending in the Circuit Court for the County of Wayne, Michigan: <u>George Burke v. Severstal Dearborn, Inc., f/k/a Severstal North America, Inc.</u>, Case No. 09-0165110-NO

(hereinafter the "Burke suit"); and Severstal Dearborn, Inc. f/k/a Severstal North America, Inc., et al. v. TRE Services, Inc., Case No. 09-032008-NO (hereinafter the "Severstal suit"). A copy of the Second Amended Third Party Complaint by Severstal against TRE Services in the Burke suit is attached hereto as **Exhibit A**. A copy of the First Amended Complaint by Severstal and its subrogated property insurers against TRE Services in the Severstal suit is attached hereto as **Exhibit B**.

**PARTIES**

2. Plaintiff Hartford is an insurance company formed under the laws of the State of Indiana and is principally located in Connecticut.

3. Defendant TRE Services is a Pennsylvania corporation engaged in the business of providing engineering services with its principal place of business in Pennsylvania.

4. Defendant Severstal is a Delaware corporation with its principal place of business in Michigan. Severstal is joined herein as an interested party to be bound by the judgment rendered by this Court.

5. Upon information and belief, Defendant Lloyds are residents and citizens of the United Kingdom, the United States, or elsewhere. Lloyds are joined herein as interested parties to be bound by the judgment rendered by this Court.

6. Upon information and belief, Defendant Glacier Insurance is a resident and citizen of Liechtenstein. Glacier Insurance is joined herein as an interested party to be bound by the judgment rendered by this Court.

7. Defendant Starr is a New York corporation with its principal place of business in New York, New York. Star is joined herein as an interested party to be bound by the judgment rendered by this Court.

8. Defendant Axis Insurance is an Illinois corporation with its principal place of business in Alpharetta, Georgia. Axis Insurance is joined herein as an interested party to be bound by the judgment rendered by this Court.

9. Defendant Axis Specialty is a resident and citizen of Ireland. Axis Specialty is joined herein as an interested party to be bound by the judgment rendered by this Court.

10. Defendant Maiden Re is a Delaware corporation with its principal place of business in Mt. Laurel, New Jersey. Maiden Re is joined herein as an interested party to be bound by the judgment rendered by this Court.

11. Defendant Arch Specialty is a Nebraska corporation with its principal place of business in Jersey City, New Jersey. Arch Specialty is joined herein as an interested party to be bound by the judgment rendered by this Court.

12. Defendant Tokio Marine is a New York corporation with its principal place of business in New York, New York. Tokio Marine is joined herein as an interested party to be bound by the judgment rendered by this Court.

13. Defendant Lexington Insurance is a Delaware corporation with its principal place of business in Boston, Massachusetts. Lexington Insurance is joined herein as an interested party to be bound by the judgment rendered by this Court.

14. Defendant National Union is a Pennsylvania corporation with its principal place of business in New York, New York. National Union is joined herein as an interested party to be bound by the judgment rendered by this Court.

15. Defendant Ace American is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Ace American is joined herein as an interested party to be bound by the judgment rendered by this Court.

16. Defendant CNA Worldwide is an Illinois corporation with its principal place of business in Chicago, Illinois. CNA Worldwide is joined herein as an interested party to be bound by the judgment rendered by this Court.

17. Defendant Continental Casualty is an Illinois corporation with is principal place of business in Chicago, Illinois. Continental Casualty is joined herein as an interested party to be bound by the judgment rendered by this Court.

18. Upon information and belief, Defendant Swiss Re is a resident and citizen of Luxemburg. Swiss Re is joined herein as an interested party to be bound by the judgment rendered by this Court.

## **JURISDICTION AND VENUE**

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship, Defendants do business within this District, and

because this case involves a coverage under a liability insurance policy for a case pending within this District.

## THE HARTFORD INSURANCE POLICY

21.  Hartford issued to TRE Services a business insurance policy bearing policy No. 44 SBA TH4607, which is effective from September 1, 2007 to September 1, 2008 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit C**.

22.  The Policy contains primary and umbrella general liability coverage.

23.  The Insuring Agreement of the primary policy provides that Hartford will pay those sums that TRE becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which the insurance applies. See Exhibit C, Form SS 00 08 04 05, Section A. 1.

24.  The Insuring Agreement further provides that Hartford will have the right and duty to defend TRE against any suit seeking such damages. Id.

25.  The Policy provides coverage for "bodily injury" or "property damage" caused by an "occurrence" that takes place in the "coverage territory" during the "policy period," as those terms are defined in the Policy. Id.

26.  As relevant to this case, "bodily injury" is defined in the Policy as physical injury, sickness, or disease sustained by a person. See Ex. C, Form SS 00 08 04 05, Section G.

27.  As relevant to this case, "property damage" is defined in the policy as (a) physical injury to tangible property, including all resulting loss of use of that property or (b) loss of use of tangible property that is not physically injured. All such loss of use is deemed to occur at the time of the physical injury or "occurrence" that caused it. Id.

28. An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." <u>Id.</u>

29. As is relevant here, the "coverage territory" is the United States and the "policy period" is September 1, 2007 to September 1, 2008.  <u>Id.</u>

30. The Policy provides coverage for "personal and advertising injury," as defined in the Policy, caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

31. The Policy contains several exclusions to the business liability coverage.  <u>See</u> Ex. C, Form SS 00 08 04 05 Section B.

32. Exclusion J, Professional Services, excludes from coverage "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service.

33. Exclusion J provides a non-exclusive list of professional services, including: (a) reparing, approving, or failing to prepare or approve maps, shops drawing, opinions, reports, surveys, failed orders, change orders, designs or drawings and specifications and (b) supervisory, inspection, architectural or engineering activities.

34. The Policy also contains an endorsement, Form SS 05 06 04 05, titled Exclusion – Engineers, Architects or Surveyors which provides:

BUSINESS LIABILITY COVERAGE FORM

> 1. The following exclusion is added to Paragraph 1. Applicable to Business Liability Coverage (SECTION B. – EXCLUSIONS):
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of

7

> the rendering of or the failure to render any professional services by:
>
> a. Any insured; or
>
> b. Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.
>
> 2. Professional services include:
>
> a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, filed orders, change orders, designs or drawings and specifications; and
>
> b. Supervisory, inspection, architectural or engineering activities.

35. Exclusion b precludes coverage for damages that the insured is obligated to pay by reason of the assumption of liability in a contract or agreement, unless such assumption is made in an "insured contract," as defined in the Policy, and the "bodily injury" or "property damage" occurs subsequent to the agreement.

36. The Policy also contains an umbrella liability insurance form, under which Hartford agreed to "pay those sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies, because of 'bodily injury', 'property damage' or 'personal and advertising injury'" to which the Policy applies. Hartford's primary policy is listed as the umbrella form's "underlying insurance."

37. The umbrella form also contains an Exclusion – Engineers, Architects or Surveyor Professional Liability form SX 21 13 04 05 containing language substantially the same as that in form SS 05 06 04 05 to the primary form.

8

38. The umbrella form also contains Exlusion – Designated Professional Services form SX 21 24 03 00, which expressly lists "Engineer" as a designated professional service excluded from the Policy's coverage.

## THE JANUARY 5, 2008 EXPLOSION

39. Upon information and belief, Severstal owns and operates a steel plant located in Dearborn, Michigan (hereinafter the "Severstal facility").

40. In or about 2007 Severstal contracted with TRE Services to perform certain engineering services with respect to a blast furnace (Blast Furnace B) located at the Severstal facility. See Purchase Orders and Proposals for Engineering Services attached hereto collectively as Group **Exhibit D**.

41. In 2007, TRE Services performed, either itself or through subcontractors, certain tests and inspections of Blast Furnace B.

42. In 2007, TRE Services recommended to Severstal and designed certain repairs and/or renovations with respect to Blast Furnace B.

43. TRE Services' engineering services to Severstal included supervision of the repairs and/or renovations it designed to Blast Furnace B.

44. On January 5, 2008, Blast Furnace B exploded.

## THE UNDERLYING SEVERSTAL AND BURKE SUITS

45. The Burke suit is brought by an individual allegedly injured as a result of the explosion of Blast Furnace B and seeks damages from Severstal for these injuries.

46. In its Second Amended Third-Party Complaint in the Burke suit, Severstal asserts two counts against TRE Services: contractual indemnification and negligence.

9

47. The <u>Severstal</u> suit is brought by Severstal and twenty-three of its property insurers who each made payments to Severstal under their respective commercial property insurance policies relating to property damage to the Severstal facility arising out of the January 5, 2008 incident.

48. Upon information and belief, TRE Services was not served with Summons and original Complaint in the <u>Severstal</u> suit.

49. Rather, in our about March 2010 TRE Services was served with Summons and the First Amended Complaint filed in the <u>Severstal</u> suit on January 6, 2010.

50. The First Amended Complaint in the <u>Severstal</u> suit alleges the following three causes of action against TRE Services: Negligence/Gross Negligence, Breach of Contract and Indemnity, and Breach of Express Warranty/Implied Warranties

51. TRE Services has demanded that Hartford defend and indemnify it with respect to its liability for the claims in both the <u>Burke</u> suit and the <u>Severstal</u> suit.

52. Hartford has denied that it owes TRE Services any defense or indemnity obligations with respect to the claims and incident at issue in the <u>Burke</u> suit and the <u>Severstal</u> suit, but has agreed to share in the costs of TRE Services' defense in both of those actions with TRE Service's professional liability insurer on an interim basis under a full reservation of rights.

53. An actual and justiciable controversy exists between TRE Services and Hartford as to the availability of insurance coverage with respect to the <u>Burke</u> suit and the <u>Severstal</u> suit. This Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNIFY
(As to the Burke Suit)

54. Hartford incorporates the allegations set forth within Paragraphs 1 through 53 as if fully set forth herein as Paragraph 54.

55. Hartford does not owe TRE Services any defense or indemnity obligations for the Burke suit under the liability coverage of the Hartford Policy.

56. The Second Amended Third-Party Complaint in the Burke suit does not assert a claim against TRE Services for damages because of "property damage" caused by an "occurrence" as those terms are defined in the Hartford Policy.

57. The Second Amended Third-Party Complaint in the Burke suit does not assert a claim against TRE Services for damages because of "personal and advertising injury" as that term is defined in the Hartford Policy.

58. Further, the Complaint filed in the Burke suit does not concern a claim for damages because of "property damage" caused by an "occurrence" as those terms are defined in the Hartford Policy.

59. Nor does the Complaint filed in the Burke suit concern a claim for damages because of "personal and advertising injury" as that term is defined in the Hartford Policy.

60. Hartford thus does not owe TRE Services any defense or indemnity obligations for the Burke suit under the "property damage" or "personal and advertising injury" liability coverages of the Hartford Policy.

61. The Hartford Policy excludes coverage for "bodily injury," "property damage" and "personal and advertising injury" arising out of the rendering of or failure to render any professional services.

62. TRE Services was retained by Severstal as an engineer to perform engineering services with respect to Blast Furnace B.

63. TRE Services' alleged liability in the <u>Burke</u> suit arises from TRE Services' rendering or failure to render professional services.

64. The Second Amended Third-Party Complaint in the <u>Burke</u> suit identifies TRE Services as performing engineering services and other conduct which constitutes professional services.

65. The Second Amended Third-Party Complaint Severstal seeks indemnity from TRE Services pursuant to certain contractual promises.

66. The Hartford Policy also excludes coverage for "bodily injury," "property damage," and "personal and advertising injury" for which TRE Services is obligated to pay damages by reason of the assumption of liability in a contract or agreement that is not an "insured contract" as defined in the Policy.

67. The Hartford Policy does not provide coverage for the contractual indemnification claims in the <u>Burke</u> suit, as those claims are based upon contracts that fail to meet the Hartford Policy's definition of an "insured contract".

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against Defendants finding and declaring as follows:

a. Hartford does not owe any duty to defend TRE Services in the <u>Burke</u> suit; and

    b. Hartford does not owe any duty to indemnify TRE Services for any loss or damages arising from the <u>Burke</u> suit.

Hartford further prays for award of such other and further relief as the Court deems just and proper, including an award of costs.

**COUNT II – DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND OR INDEMNIFY**
(As to the <u>Severstal</u> Suit)

68. Hartford incorporates the allegations set forth within Paragraphs 1 through 53 as if fully set forth herein as Paragraph 68.

69. The First Amended Complaint filed in the <u>Severstal</u> suit does not assert a claim for damages because of "bodily injury" caused by an "occurrence" as those terms are defined in the Hartford Policy.

70. The First Amended Complaint in the <u>Severstal</u> suit does not assert claims for damages because of "personal and advertising injury" as those terms are defined in the Hartford Policy.

71. To the extent Severstal alleges that TRE is liable for "property damage" because of its negligence, coverage is excluded by the Professional Services exclusion and/or the Exclusion – Engineers, Architects or Surveyors Professional Liability form, since all the services provided by TRE to Severstal were professional services within the meaning of the Policy.

72. To the extent the First Amended Complaint in the Severstal suit assets claims for damages because of "property damage" resulting from TRE's alleged breach of contract, breach of an agreement to indemnify and/or breach of warranty, coverage is precluded because those

13

claims do not seek sums payable as damages because of "property damage" caused by an "occurrence" as defined in the Hartford Policy.

73. The Hartford Policy also excludes coverage for "bodily injury," "property damage," and "personal and advertising injury" for which TRE Services is obligated to pay damages by reason of the assumption of liability in a contract or agreement that is not an "insured contract" as defined in the Policy.

74. The Hartford Policy does not provide coverage for the contractual indemnification claims in the <u>Severstal</u> suit, as those claims are based upon contracts that fail to meet the Hartford Policy's definition of an "insured contract".

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against Defendants finding and declaring as follows:

a. Hartford does not owe any duty to defend TRE Services in the <u>Severstal</u> suit; and

b. Hartford does not owe any duty to indemnify TRE Services for any loss or damages arising from the Burke suit; and

Hartford further prays for award of such other and further relief as the Court deems just and proper, including an award of costs.

Dated: April 23, 2010.

                                        Respectfully submitted,

                                        By:   /s/Jason M. Craft
                                                 One of the Attorneys for Plaintiff

Steven O. Ashton
Draugelis & Ashton, LLP.
380 North Main Street
Clawson, MI 48017-1525.
(248) 588-7704.

-and-

Michael J. Duffy
Jason M. Craft
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
(312) 627-1717 fax

**ATTORNEYS FOR PLAINTIFF HARTFORD CASUALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2010, I electronically filed **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jason M. Craft
Tressler LLP
233 S. Wacker Drive
22nd Floor
Chicago, IL 60607
312/627-4000
jcraft@tresslerllp.com
Attorney Bar No. 6274750

#488082