UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARTFORD CASUALTY INSURANCE
COMPANY,

                Plaintiff,

v.

TRE SERVICES, INC., SEVERSTAL
DEARBORN, INC., a/k/a SEVERSTAL NORTH
AMERICA INC., CERTAIN UNDERWRITERS
AT LLOYDS, LONDON SUBSCRIBING TO
COVER NOTES UM65015, UM65013,
UM64622, UM64621, UM64620 & GEP1978,
GLACIER INSURANCE AG, STARR
TECHNICAL RISKS AGENCY, INC., AXIS
INSURANCE CO., AXIS SPECIALTY
EUROPE LTD., MAIDEN RE, a/k/a GMAC
INSURANCE HOLDINGS/INTEGON
SPECIALTY INSURANCE CO., ARCH
SPECIALTY INSURANCE CO., TOKIO
MARINE AND NICHIDO FIRE INSURANCE
CO. LTD., LEXINGTON INSURANCE CO.,
ACE AMERICAN INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA, CNA WORLDWIDE
CLAIMS, CNA/CONTINENTAL CASULTY CO.,
SWISS RE INTERNATIONAL BUSINESS
INSURANCE CO., n/k/a SWISS RE
INTERNATIONAL SE,

                Defendants.

_____/

Case No. 09-14634

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING DEFENDANT CERTAIN UNDERWRITERS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER UNDER RULE 12(b)(1)**

## I. INTRODUCTION

Before the Court is Defendant Certain Underwriters'[1] Motion to Dismiss For Lack of Subject Matter under Fed. R. Civ. Pro. 12(b)(1). (Doc. 52).[2] Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, Plaintiff Hartford Casualty Insurance Company filed this diversity action seeking a declaration of rights in an insurance coverage dispute. (Doc. 37). In its Rule 12(b)(1) motion to dismiss, Defendant Certain Underwriters argues that the Court should dismiss the entire action for want of complete diversity.

At the hearing on the motion on September 17, 2010, the Court found that diversity jurisdiction does not exist with Defendant Lloyd's of London Syndicates 0510, 2791, 33, 0609, and 780 included as defendants. The Court requested supplemental briefing on the question of whether it should dismiss the entire action or dismiss the nondiverse syndicates to restore complete diversity. For the reasons stated below, the Court finds that the nondiverse syndicates are dispensable under Rule 19 and dismisses them pursuant to Rule 21 in order to retain subject matter jurisdiction. Accordingly, Defendant Certain Underwriters' motion to dismiss is DENIED.

## II. BACKGROUND

Plaintiff Hartford issued to Defendant TRE a business insurance policy. (Doc. 37 at 6). Defendant Severstal contracted with TRE to perform certain engineering services

---

[1] "Defendant Certain Underwriters" refers collectively to the underwriters at Lloyd's of London Subscribing to Cover Notes UM65015, UM65013, UM64622, UM64621, UM64620 & GEP1978.

[2] While Defendant Severstal concurs with Defendant Certain Underwriters' motion, Defendant TRE does not. (Doc. 53 at 6 n.1). TRE concurs with Plaintiff Hartford's response. (Doc. 58).

with respect to a Blast Furnace B located at Severstal's facility. (Doc. 54 at 5). On January 5, 2008, Blast Furnace B ruptured and caused significant property damage and business interruption loss to Severstal and alleged personal injury to George Burke, an individual who was near the explosion radius. (Id.).

After an investigation, Severstal and its subrogated property insurers sued several parties, including TRE, in Wayne Count Circuit Court.[3] (Doc. 54 at 5). Severstal essentially argues that TRE's conduct was negligent and caused Blast Furnace B to explode. Personal injury plaintiff George Burke filed suit in the same court against Severstal; Severstal filed third party claims against the same Defendants it sued in the subrogation case, including TRE. TRE submitted these suits by Severstal and Mr. Burke to Hartford, its liability insurer, for defense and indemnity. Hartford rejected TRE's requests. Shortly after Hartford denied coverage, it filed this declaratory judgment action predicated on diversity jurisdiction.[4]

In this insurance coverage dispute, Plaintiff Hartford asks the Court for a declaration that it owes its insured, Defendant TRE, no duty to defend and no duty to indemnify TRE in the lawsuit pending in state court. (Doc. 1). Hartford's original complaint did not name Severstal or any of the subrogated property insurers as defendants. Hartford filed a motion

---

[3] <u>Severstal Dearborn, Inc., et al., v TRE Services, Inc., et al.</u>, Case No. 09-032008-NO.

[4] As of August 17, 2010, the personal injury suit, <u>Burke v. Severstal Dearborn, Inc.</u>, Case No. 09-0165110-NO., has reached a settlement. (Doc. 57 at 2). Though the settlement is not finalized, it covers all disputes, including indemnification/coverage issues, arising between Plaintiff Hartford and Defendant TRE with respect to Plaintiff George Burke. (Id. at Ex.3) The settlement expressly excludes claims arising in this federal action and does not cover any claims remaining in the pending state court case of <u>Severstal Dearborn, Inc., et al., v TRE Services, Inc., et al.</u>.

3

to amend its complaint and requested the inclusion of Severstal and the subrogated property insurers, including the Lloyd's of London underwriting syndicates, as defendants pursuant to Fed. R. Civ. Pro. 19(a). (Doc. 24 at 4). The Court granted this unopposed motion. (Doc. 35). After Hartford filed its amended complaint, Defendant Certain Underwriters filed the instant motion to dismiss pursuant to Rule 12(b)(1), claiming that the Court lacks subject matter jurisdiction because certain Lloyd's syndicates have the same citizenship as that of Hartford. (Doc. 52).

On September 17, 2010, the Court heard oral argument on the instant motion. For the reasons stated on the record at the hearing, the Court found that diversity jurisdiction does not exist with Defendant Lloyd's Syndicates 0510, 2791, 33, 0609, and 780 included as defendants. The Court found that those syndicates were citizens of Connecticut, which is the same citizenship as Plaintiff Hartford. The Court request supplemental briefing on whether the nondiverse syndicates should or could be dismissed in order to retain subject matter jurisdiction.

### III. STANDARD OF REVIEW

#### A. 12(b)(1) Motion to Dismiss

"Subject matter jurisdiction is always a threshold determination." American Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 538 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)). The Supreme Court has explained, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute ... [thus] [i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

4

asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994) (internal citation omitted).

Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1322(a). It is well established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the adverse parties in the action. That is, the citizenship of each plaintiff must be diverse from that of each defendant. See, Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). Unincorporated associations are treated as citizens of every state in which at least one of their members is a citizen. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990).

### B. Fed. R. Civ. Pro. 21

Federal Rule of Civil Procedure 21 states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed.R.Civ.P. 21. Rule 21 permits a district court to retain diversity jurisdiction over a case by dismissing a misjoinded nondiverse party provided that party is dispensable under Rule 19. Soberay Mach. and Equip. Co. v. MRF Ltd., Inc., 181 F.3d 759, 763 (6th Cir.1999) (quoting Safeco Ins. Co. v. City of White House, Tenn., 36 F.3d 540, 545 (6th Cir.1994)). "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Id. Therefore, "it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." Id.

5

### C. Fed. R. Civ. Pro 19

Rule 19 lays out a three-step test for determining whether a person or entity is dispensable in a civil action. Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th. Cir. 2004). First, a court must determine whether the party is required under Rule 19(a). See, Fed.R.Civ.P. 19(a)(1). Second, if the party is "required," a "court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." Glancy, 373 at 666. Third, if a court finds that a party is "required," but whose joinder deprives the court of jurisdiction, it must decide whether the court should, "in equity and good conscience," proceed by dismissing that party or dismiss the entire case because the party is indispensable. Id.; Fed.R.Civ.P. 19(b). Courts are to consider at least the four factors enumerated in Rule 19(b) in assessing whether the action should be dismissed or proceed forward despite the absentee party. Id. at 672. These four factors include:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person ...; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Id. (quoting Fed.R.Civ.P. 19(b)). Therefore, a party "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." Id. at 666 (citing 4 MOORE'S FEDERAL PRACTICE § 19.02[3][c], at 19-22).

## IV. ANALYSIS

### A. Rule 19

Defendant Certain Underwriters argues that since five Lloyd's syndicates are nondiverse, the Court is without subject matter jurisdiction and must dismiss the entire case. Defendant claims that the Court cannot cure the misjoinder by dropping the nondiverse syndicates because they are indispensable under Rule 19. Plaintiff asks the Court to exercise its discretion under Rule 21 and dismiss the syndicates because they are dispensable. Resolution of the issue turns on whether those syndicates are indispensable under the three-part test of Rule 19.

The nondiverse syndicates are required parties under Rule 19(a). Plaintiff's motion to amend specifically cited Rule 19(a) as the authority under which it could join the Lloyd's syndicates as parties. The Court granted this unopposed motion and declines to revisit this determination. The analysis proceeds to the second step.

Since Plaintiff has already joined the Lloyd's syndicates as defendants through the amended complaint, the issue becomes whether their joinder compromised diversity jurisdiction. At the hearing on the motion, the Court found five Lloyd's syndicates nondiverse. The joinder of these nondiverse defendants is inconsistent with the complete diversity rule, thereby depriving the Court of subject matter jurisdiction. The analysis continues to the third step.

In the final step, the Court must decide whether the misjoined syndicates are dispensable. If so, the Court can dismiss them pursuant to Rule 21 and reacquire subject matter jurisdiction. The third step of the "[t]he Rule 19(b) inquiry is guided by pragmatic considerations, rather than technical or formalistic legal distinctions." Hooper v. Wolfe, 396

F.3d 744, 749 (6th Cir.2005) (citing HB Gen. Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1191 (3d Cir.1996) and Fed.R.Civ.P. 19 Advisory Committee Notes (1966 Am.)). "No one factor is dispositive, and a court must look at the factors together to determine if the action can continue or should be dismissed." Stanley Elec. Co., Inc. v. Crawford Equipment and Engineering Co., 249 F.R.D. 267, 273 (S.D. Ohio 2008). Ultimately, "the practicalities of the individual case" control the analysis. Keweenaw Bay Indian Community v. State, 11 F.3d 1341, 1346 (6th Cir.1993).

After review, the Court finds Defendant Lloyd's Syndicates 0510, 2791, 33, 0609, and 780 are dispensable parties. Beginning with the first factor, a resolution of the insurance coverage dispute in this matter will not prejudice the absent nondiverse syndicates because existing parties will adequately represent their interests.[5] In deciding whether an absent party is adequately represented, a court should examine:

> whether 'the interests of a present party to the suit are such that it will undoubtedly make all' of the absent party's arguments; whether the party is 'capable of and willing to make such arguments'; and whether the absent party would 'offer any necessary element to the proceedings' that the present parties would neglect.

---

[5] Because the Sixth Circuit has never definitively ruled on the issue, the Court assumes, *arguendo*, that the "adequacy of representation" analysis is appropriate during the third part of the Rule 19 test. In Glancy, Judge Moore stated that "adequacy of representation" cannot be considered in determining whether a person or entity is a "required party" under Rule 19(a), but rather should be analyzed with the four 19(b) factors in the third step of the test. 373 F.3d at 667-70. Judge Moore did not, however, command a majority of the panel on this point. See id. at 677 (Rogers, J., concurring) (declining to join this conclusion); id. at 677-78 (Ryan, J., concurring in part and dissenting in part) (same); see also, American Express Travel Related Services, Co., Inc., 195 Fed.Appx. at 461 n.1 (applying the "adequacy of representation" test in the first part of the Rule 19 test).

American Express Travel Related Services, Co., Inc. v. Bank One-Dearborn, N.A., 195 Fed.Appx. 458 (6th Cir 2006) (quoting Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir.1992)). Defendant's prejudice argument is undermined because the nondiverse syndicates' litigation goals are completely aligned with the diverse Lloyd's syndicates, TRE, and the remaining subrogated insurer defendants. All captioned Defendants seek maximum coverage under the Hartford policy. These parties will "undoubtedly" further the maximum policy coverage position. Defendant TRE is capable and willing to make such an argument. In fact, TRE has done so already with a motion for summary judgment on its counterclaim seeking full coverage under the policy. The absentee syndicates do not offer a "necessary element to the proceedings" that the remaining Defendants would neglect.[6]

The second factor, the extent to which the Court can craft a judgment to avoid prejudice, does not favor dismissing the entire case. As explained above, the absent syndicates suffer no prejudice because the remaining Defendants adequately represent their interests. The Court need not shape the relief to ameliorate the effects of prejudice because the absentee syndicates suffer none.

Turning to the third factor, adequacy of judgment, Hartford and TRE are essentially litigating over whether, based on an insurance contract, Hartford owes a duty to defend and a duty to indemnify TRE. The absence of five nondiverse Lloyd's syndicates does not

---

[6] By way of example, of the eight Lloyd's syndicates who subscribe to Cover Note UM65015, only syndicate 033 was found nondiverse. Syndicate 033 subscribes to only 10.8696% of that note. (Doc. 52 Ex.G at 102). The seven diverse syndicates remain as defendant parties and their interests are indisputably aligned with that of syndicate 033.

render a declaratory judgment between Hartford and TRE inadequate. Defendant's collateral estoppel argument, i.e., if dismissed, the nondiverse syndicates will litigate the coverage issue in the state court and this Court's ruling will have no effect, does not make a final judgment on the coverage issues between Hartford and TRE inadequate. Moreover, the estoppel argument is conditioned on the assumption that the nondiverse syndicates will receive an unfavorable disposition. This argument runs both ways. It is just as possible they could receive a favorable ruling. Additionally, Defendant's predictive estoppel analysis is conclusory. There is no legal certainty that a state court would reject, if issued, coverage declarations announced by this Court. See, Monat v. State Farm Ins. Co., 677 N.W.2d 843, 852 (Mich. 2004) (quoting Blonder-Tongue Laboratories, Inc. v. Univ of Illinois Foundation, 402 U.S. 313, 333-334 (1971)) ("no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas. In the end, [the] decision will necessarily rest on the trial courts' sense of justice and equity."). The collateral estoppel argument is neutral in the analysis.

While the fourth factor favors dismissal of the case (a state court forum is available to litigate the coverage dispute) it does not outweigh the factors favoring dismissal of only the five nondiverse syndicates. See, Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America, 822 F.2d 613, 622 (6th Cir. 1987) ("the potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice.").

Pragmatically, dismissing this entire action would force all parities to start over again in a different court. Restarting this litigation incurs additional expense while further delaying an adjudication on the merits. At its core, this is an insurance coverage dispute between

Hartford and TRE. The Lloyd's syndicates have a financial expectation based on future contingencies arising from this dispute. Hartford admittedly has no direct claim against the syndicates. The syndicates have no counterclaim against Hartford. The Court acknowledges that it might be desirable to have all of the subrogated insurers as defendants given the context of insurance coverage litigation. However, when given the choice between dismissing the entire case or allowing it to proceed while knowing that the remaining defendant parties will adequately represent the absentee syndicates' interests, "in equity and good conscience," the Court chooses the latter. Fed.R.Civ.P. 19; see, Fed.R.Civ.P. 19 Advisory Committee Notes (1966 Am.) ("When comprehensive joinder cannot be accomplished ... the case should be examined pragmatically and a choice made between the alternatives of proceeding in the absence of particular interested persons and dismissing the action.").

### B. Rule 21

Upon a finding that the nondiverse syndicates are dispensable, the Court turns to question of who is dismissed under Rule 21. Defendant Certain Underwriters contends that the member-investor syndicates that comprise Lloyd's of London are best treated as unincorporated associations and the citizenship of each syndicate should be determined by reference to each member of the particular syndicate. (Doc. 54 at 13). Plaintiff Hartford does not directly dispute this contention. (Doc. 56 at 5, 9-10). Under the circumstances presented here, the Court characterizes the Lloyd's syndicates as unincorporated associations. See, Northland Ins. Co. v. Arthur Hill & Associates, 126 F.Supp.2d 1066 (E.D.Mich. 2001) (Citizenship of the individual syndicate members used to establish whether diversity jurisdiction existed in a case involving an insurance policy issued by

Lloyd's of London.). Since each of the five Lloyd's syndicates has at least one member who is nondiverse, each syndicate is nondiverse. The Court, seeking to retain subject matter jurisdiction, will exercise its discretion under Rule 21 and dismiss the nondiverse syndicates.

## V. CONCLUSION

For the reasons stated above, Defendant Lloyd's of London Syndicates 0510, 2791, 33, 0609, and 780 are **DISMISSED** pursuant to Rule 21. Accordingly, Defendant Certain Underwriters' Motion to Dismiss For Lack of Subject Matter under Fed. R. Civ. Pro. 12(b)(1) (Doc. 52) is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: November 5, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager